Argued April 18; affirmed May 9, 1950

# FURLONG *v.* TISH

218 P. (2d) 476

*Guy F. Hughes,* of Portland, argued the cause and filed a brief for appellant.

*Harold J. Warner,* of Portland, argued the cause for respondent. With him on the brief were Platt, Henderson, Warner, Cram & Dickinson and John E. Huisman, of Portland.

Before Brand, Acting Chief Justice, and Belt, Rossman, Bailey and Latourette, Justices.

## BRAND, A. C. J.

The plaintiff brought an action in the District Court of Multnomah County against the defendant Tish for money had and received. The answer was a general denial. The case went to trial and after presentation of the plaintiff's case upon motion of the defendant, the District Court entered a judgment of nonsuit. The plaintiff served and filed a notice of appeal to the Circuit Court for Multnomah County where the case was tried anew by the Court without a jury. Findings of fact and conclusions of law were made and judgment was entered for the plaintiff. The defendant appeals.

The defendant's first assignment of error is as follows:

"The Court erred in overruling appellant's objection to the jurisdiction of the Court, based upon the contention that respondent's notice of appeal from the judgment of the District Court was not served within the time limited by the statute."

The defendant, by appropriate procedure, challenged the jurisdiction of the Circuit Court and the question for decision here is whether the notice of appeal from the District Court to the Circuit Court was served and filed within the time limited by statute. The Abstract of Record shows that judgment was entered in the District Court on 12 December 1947. The portions of the judgment, so far as pertinent to the issue, are as follows:

"This cause coming on to be heard before the undersigned, Judge of the above-entitled Court, on the 10th day of December, 1947;  *   *   *"

Then follow recitals concerning the appearance of the parties, empaneling of the jury, the taking of the testimony for the plaintiff, and the presentation of the motion for nonsuit. The judgment then continues:

"IT IS HEREBY ORDERED and AD-JUDGED, that the action and complaint of the plaintiff be dismissed and judgment of involuntary non-suit rendered in favor of the defendant, and judgment of involuntary non-suit in favor of the defendant is hereby so ordered  *   *   *"

The judgment is dated December 12, 1947, signed by the District judge and indorsed by the clerk. Filed—December 12, 1947.

On 12 January 1948 the plaintiff, who was the appellant in the Circuit Court, served and filed his notice of appeal to the Circuit Court. The notice was dated 10 January 1948 and stated that the plaintiff appeals "*   *   * from that certain judgment made and entered in the above-entitled court and cause on the 12th day of December, 1947  *   *   *". The notice further identifies the judgment appealed from by quoting therefrom. Service was accepted by counsel for the defendant on 12 January 1948. It is the contention of the defendant, who is the appellant in this court, that the statutory time for appeal began to run from the rendition of the judgment, not from its entry, and that the record shows that the judgment was rendered on 10 December 1947 and that the service of the notice of appeal on 12 January 1948 was therefore not within the time limited by the code. The plaintiff, the respondent here, denies that the judgment was

"rendered" on 10 December and asserts that in any event the time for appeal began to run from the entry of judgment on 12 December. It is conceded that if the time for appeal began to run from the date of the entry of the judgment, the notice of appeal was served within the time prescribed.

On 15 January 1948 the same District judge who signed the judgment of nonsuit signed an "order allowing appeal" which reads in part as follows:

"* * * it appearing that a judgment of involuntary nonsuit was rendered in the above entitled court and cause in favor of the defendant and against the plaintiff on December 12, 1947, and that notice of appeal therefrom was served * * * and filed in the record of this cause * * *

"IT IS THEREFORE ORDERED that an appeal * * * is allowed."

The order was indorsed "filed" on 14 January 1948. A transcript of the docket of said cause in the District Court, which is certified to contain copies of all entries relating to said cause and the appeal thereof reads in part as follows:

"Dec. 12, 1947. Judgment filed as follows:"

The judgment is then set forth verbatim.

While other grounds of decision reaching the same result may perhaps exist, we deem it proper to consider the question on the issue of statutory construction in the hope of clarifying the rules of procedure in such cases.

It is provided by statute that appeals from the District Court "shall be taken at the time and in the manner now provided for taking such appeal from the justice's court". O. C. L. A., § 13-310.

The Justices' Code provides:

"An appeal is taken to the circuit court of the county wherein the judgment is given, and may be taken in open court at the time the judgment appealed from is given, or within thirty days from the date of the entry thereof * * *". O. C. L. A., § 28-402.

The next section of the Justices' Code provides:

"An appeal is taken, either by giving oral notice thereof in open court at the time of the rendition of the judgment appealed from, which shall be the only notice required, or at any time within thirty days thereafter by serving a written notice thereof on the adverse party, or his attorney, and filing the original with the proof of service indorsed thereon with the justice * * *". O. C. L. A., § 28-403.

■■ This court has stated that an appeal from a Justice Court is taken within thirty days from the entry of judgment. *Davenport et al. v. Justice Court et al.*, 101 Or. 507, 190 P. 621; *Columbia Auto Works v. Yates*, 176 Or. 295, 303, 156 P. 2d 561. While the statements to this effect have been dicta, they are entitled to weight, when, as now, we are required to construe the two sections involved, and if possible, harmonize them. The provisions of O. C. L. A., § 28-402 are comprehensive and unambiguous. When a judgment is rendered or given, an appeal may be taken in open court "at the time the judgment appealed from is given". The only other method by which an appeal may be taken is by a written notice, and the section clearly indicates that an appeal, if not taken in open court, may be taken within thirty days "from the date of the entry thereof". The word "entry" refers to the ministerial act of the clerk in the circuit court (O. C. L. A., § 93-927; *Estate of Gerhardus*, 116 Or. 113, 239 P. 829) or to the act

whereby a justice of the peace enters in his docket, among other matters, "The judgment of the court, and when given" as required by O. C. L. A., § 28-202.

The provisions of O. C. L. A., § 28-403, also contemplate the possibility of appeal by oral notice in open court "at the time of the rendition of the judgment appealed from" and they provide further for written notice "at any time within thirty days thereafter". It is contended that the word "thereafter" refers to a time after the rendition as distinguished from the entry of the judgment. The two sections were enacted as parts of a single act adopted in 1899, being sections 40 and 41 thereof, Laws, 1899, p. 109 at 116. The suggested construction would mean that the legislature enacted two inconsistent provisions concerning the time for appeal in the same act. Such a construction would require the holding of one or the other of the two provisions to be invalid. On the other hand, in view of our previous dicta, and the language of O. C. L. A.; § 28-403, we think the word "thereafter" should be held to mean after the judgment and not after the oral rendition, and that except in the case of oral notice in open court, the "judgment" from which the time for appeal begins to run was the judgment when entered in the docket of the District Court. Only thus can we avoid a repugnancy in the two sections; only thus can we conform to the dicta of this court and to what we consider the rule established by long practice. We hold that when no oral notice of appeal is given in open court at the time of the rendition of judgment, written notice may be given within thirty days of the entry thereof. Accordingly, we hold that the Circuit Court acquired jurisdiction of the appeal in the pending case.

By his second assignment, the defendant asserts

that "The Court erred in concluding, as a matter of law, that the appellant is indebted to the respondent (Abs. P. 16) based upon the Findings of Fact of the Court." The trial court, sitting without a jury, made findings of fact which, so far as pertinent to the issue raised, are as follows:

"I

"That on March 6, 1947, plaintiff issued check No. 1047, drawn on the Citizens Branch of the United States National Bank of Portland (Oregon), in favor of defendant for the sum of $522.11; that said check bore upon its face the notation 'Final Payment on Contract of 9/18/46'; that said check was transmitted to defendant by mail with a letter wherein plaintiff stated that such check was given 'in final payment for all amounts due on a building contract' * * *

"II

"That on April 11, 1947, the plaintiff lodged with the Citizens Branch of the United States National Bank of Portland (Oregon), a stop payment order directing said Bank as the drawee bank of the check referred to in paragraph I to not pay said check; and on April 12th plaintiff issued check No. 1240 in favor of defendant for the sum of $655.00; that said check was transmitted to defendant by mail with a letter from plaintiff to defendant wherein plaintiff stated that the $655.00 was given in lieu of aforesaid check No. 1047 as the final payment covering the balance owing on a building contract, and further, that check No. 1047, dated March 6, 1947, in the amount of $522.11, was void as of April 11th, 1947, on which date the Bank against which the same had been drawn had been notified that 'payment had been stopped' thereon;

"III

"That on August 22nd, 1947, a stipulation was entered into between plaintiff and defendant in that certain suit pending in the Circuit Court of the

State of Oregon, for the County of Multnomah, wherein 'the defendant herein' was 'plaintiff' and 'the plaintiff herein' was 'defendant', Clerk's file No. 176401, by which stipulation said suit was compromised through defendant herein being paid the sum of $655.00, less $7.00 plaintiff's (defendant therein) costs, and a judgment was entered on said stipulation dismissing said suit, and the Clerk of Multnomah County, Oregon, paid to plaintiff the sum of $655.00, and defendant herein accepted the same in full settlement of the obligation upon which said suit was based; that said suit was based upon the same subject matter as the checks referred to in preceding paragraphs I and II, and particularly upon the contract referred to on the face of the check mentioned in paragraph I hereof in the language 'Final Payment on Contract of 9/18/46';

"IV

"That on August 22, 1947, although plaintiff herein had not qualified, withdrawn or changed the conditions under which the aforesaid check of $522.11 was issued, and although no consideration had passed to plaintiff therefor from defendant or otherwise, the defendant without authority therefor from the plaintiff herein, and contrary to his wishes presented the check referred to in preceding paragraph I to the Citizens Branch of the United States National Bank of Portland (Oregon), and the same was honored and paid by said Bank from the funds of the plaintiff herein;"

Based on the foregoing findings of fact, the court made conclusions of law as follows:

"That the defendant herein cashed the check referred to in paragraph I without the consent, authority or acquiescence of plaintiff and against and contrary to his wishes and contrary to the express purpose for which it was given, and without there having been any consideration whatsoever therefor; and that the defendant thereby received money

belonging to plaintiff in which he had no right or upon which he had no claim, and said defendant is indebted to the plaintiff therefor;''

Based upon said findings and conclusions, judgment was entered for the plaintiff and against defendant in the sum of $522.11, together with interest thereon at the rate of 6 per cent per annum from August 22, 1947 and for plaintiff's costs and disbursements.

No bill of exceptions has been presented. We have, for consideration, only the pleadings in the District Court, and the findings of fact, conclusions of law, and judgment of the Circuit Court. The findings show that payment had been stopped on the check for $522.11 and a second check in the amount of $655.00 had been sent in lieu of the first. The defendant was specifically informed that the first check was void, that payment had been stopped, and that a second check had been sent in lieu thereof. Whatever the bank may have done, or may have had reason to do, the defendant had no reason whatever to assume that he was entitled to cash the first check in addition to receiving the amount of $655.00 less $7.00 costs under the stipulated judgment. O. C. L. A., § 40-1008 provides in substance, that no stop-payment order shall remain in effect for more than ninety days unless renewed. Apparently, the defendant discovered that ninety days had expired and that the plaintiff had not renewed the stop-payment order, so he proceeded to cash the first check and now refuses to return the money which he has unconscionably received; notwithstanding the fact that his claim was settled and paid in full pursuant to the stipulated judgment. He now contends that the stipulated judgment under the doctrine of res judicata constitutes a complete bar to the plaintiff's action for

money had and received. The record fails to show what the pleadings were in the suit which resulted in the judgment. The present action for money had and received is not shown to have been brought on the same cause of action, and finally, the defendant did not plead res judicata in answer to the plaintiff's action. The rule is that a party relying on the doctrine of res judicata or estoppel by judgment must plead and prove the facts justifying the application of such doctrine with particularity. *Winston Bros. Co. v. Galloway et al.,* 168 Or. 109, 121 P. 2d 457. This court in *In re Patton's Estate,* 170 Or. 186, 132 P. 2d 402, held that:

> "The rule that an 'estoppel by judgment' to be available must be pleaded does not apply where the judgment instead of being relied upon in bar of the action is introduced in evidence merely as conclusive of some particular fact formerly adjudicated." Syl. No. 4.

But, in that case, we pointed out that reliance was placed on the former adjudication "only for evidentiary purposes as establishing certain issues which are also involved in the present litigation." The Patton case is not in point here. In the case at bar it is contended that the former adjudication constituted a complete bar to the plaintiff's cause of action. Since there was no plea of res judicata, the defendant could not avail himself of that defense.

The judgment of the Circuit Court is affirmed.