## MATTER OF EUGENE FLOWERS

[No. 170, September Term, 1971.]

*Decided November 17, 1971.*

The cause was argued before THOMPSON, POWERS and GILBERT, JJ.

*William Franklin Gosnell* for appellant.

*Arrie W. Davis, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Thomas G. Young, Assistant Attorney General, Milton B. Allen, State's Attorney for Baltimore City,* and *H. Gary Bass, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

THOMPSON, J., delivered the opinion of the Court.

Eugene Flowers appeals from a determination by the Circuit Court of Baltimore City, (Division of Juvenile Causes), Judge Robert I. H. Hammerman presiding, to waive its exclusive jurisdiction over appellant, Md. Code, Art. 26, §70-16, and to permit him to be tried in a criminal court. The issues presented are quite narrow: (1) the admissibility of hearsay evidence; (2) assuming the admission of the hearsay evidence was proper, is it sufficient to support the waiver; and (3) the admissibility of prior convictions and juvenile delinquencies. There is no contention that if all of the evidence was properly admitted and entitled to full weight, the waiver as to the appellant, age 17, and with an extensive record, was improper on the merits.

We will discuss the second contention first. The victim testified that her purse was snatched by a boy whom she could not identify. When the recipient of a check which was in the purse declined to testify, the state called a police officer who testified that the recipient stated in writing, soon after the crime was committed that appellant had given him the check. The appellant argues that since this evidence is hearsay, it is insufficient to show the appellant's criminal agency.

In *Hazell v. State,* 12 Md. App. 144, 277 A. 2d 639, and *Matter of Thomas William Waters,* 13 Md. App. 95, 281 A. 2d 560, we held that the purpose of a juvenile waiver hearing was to "resolve the question of waiver *vel non* and that this is done on the assumption that

probably the crime alleged was committed and that the juvenile committed it." *Matter of Thomas William Waters, supra,* at page 103 of 13 Md. App. We now apply the law as set forth and fully discussed in those recent cases.

Since it was unnecessary for the state to establish the criminal agency of the appellant at the waiver hearing, there is no reason for us to now consider the sufficiency of the officer's testimony to show the criminal agency. The appellant will, of course, have the opportunity to question the sufficiency of such proof at the criminal trial to follow these proceedings.

The purpose of a juvenile waiver hearing is to determine the fitness of the child for juvenile rehabilitative measures giving due consideration to the safety of the public. Md. Code, Art. 26, §70-16 (b) sets out specific factors to be considered in making a determination to waive juvenile jurisdiction:

"(1) Age of child.
(2) Mental and physical condition of child.
(3) The child's amenability to treatment in any institution, facility, or programs available to delinquents.
(4) The nature of the offense.
(5) The safety of the public."

In considering items (2), (3), (4) and (5), the degree of the juvenile's participation would be a factor. Where there is evidence showing minimal involvement in the offense, the juvenile petition or a mere police report may not furnish sufficient evidence for the court to adequately consider sub-sections (2), (3), (4) and (5) above. Particularly, as to (4), the full flavor of the nature of the crime could not ordinarily be obtained from official reports alone. There are no such problems in the instant case.

Since we here hold that criminal agency is not an issue in the present case, there is no need for us to discuss the first question as to the admissibility of hearsay testimony to establish a non-essential element.

Finally, appellant argues that his prior juvenile delinquencies and criminal convictions should not have been admitted into evidence, over proper objections, at his waiver hearing. He argues that *Burgett v. Texas,* 389 U. S. 109, 88 S. Ct. 258, 19 L.Ed.2d 319 as interpreted by *Johnson v. State,* 9 Md. App. 166, 263 A. 2d 232 requires, that where there is a proper objection, the state must show that prior criminal convictions or juvenile delinquency determinations were obtained at a time when the accused was represented by counsel. If the purpose of a juvenile waiver hearing were to determine guilt or to enhance punishment, the argument would carry much weight, for that is the thrust of these two decisions, but a waiver hearing has no such purpose. Although the punishment for some offenses can be much more severe in a criminal trial than in a juvenile court, sometimes the converse is true. For example, the crime of petty larceny carries a statutory maximum imprisonment of 18 months. Md. Code, Art. 27, § 341. A finding of juvenile delinquency, on the other hand, can carry incarceration until that particular infant reaches his majority. Md. Code, Art. 26, § 70-20 (a).

As we have said, the purpose of a juvenile waiver hearing is to determine whether or not the juvenile is a fit subject for juvenile rehabilitative measures. To decide that question, the court needs all available facts without respect to technical objections, provided of course, that the hearing is conducted in such a manner as to "measure up to the essentials of due process and fair treatment." It need not conform to "all the requirements of a criminal trial or even of the usual administrative hearing. . . ." *Kent v. United States,* 383 U. S. 541, 562, 86 S. Ct. 1045, 16 L.Ed.2d 84.

The Supreme Court specifically approved, 383 U. S. 541, 567, the hearing court's consideration of:

> "7. The record and previous history of the juvenile, including previous contacts with the Youth Aid Division, other law enforcement

418

agencies, juvenile courts and other jurisdictions, prior periods of probation to this Court, or prior commitments to juvenile institutions."

The presence or absence of counsel at such occasions is not important since the purpose of the waiver hearing is not to find guilt or to enhance punishment.

*Judgment affirmed.*
*Mandate to issue forthwith.*