Argued October 28, 1974, reversed and remanded January 23, 1975

# MEYERS, *Appellant, v.* BURWELL ET AL, *Respondents.*

### 530 P2d 833

*Patrick M. Smith* of Smith, Todd & Ball, P. C., Portland, argued the cause for appellant. With him on the briefs was Jack L. Orchard, Portland.

*William M. Holmes* of Gray, Fancher, Holmes & Hurley, Bend, argued the cause and filed a brief for respondents.

Before O'CONNELL, Chief Justice, and HOLMAN, TONGUE, HOWELL, BRYSON, and SLOPER, Justices.

HOLMAN, J.

Plaintiff brought an action for damages for per-

sonal injuries allegedly caused by defendants' negligent operation of an automobile. Plaintiff appeals from a judgment for defendants entered pursuant to a jury verdict.

The accident occurred in the nighttime. Plaintiff was operating his motorcycle in one direction when a head-on collision occurred with an automobile being driven in the other direction by the defendant Kevin Burwell and owned by the other defendant, Kevin's father. One of plaintiff's allegations of negligence was that Kevin operated the automobile on the wrong side of the road, and whether or not he did was one of the principal issues at trial. Prior to this case the investigating officer charged Kevin with operating the automobile on the wrong side of the road; following his plea of not guilty, a trial was had, and Kevin was found guilty of the charge.

During the civil trial for damages, plaintiff sought to introduce evidence of Kevin's conviction in the criminal case as a means of collaterally estopping defendants from denying that Kevin was operating the automobile on the wrong side of the road. The trial court rejected the evidence and plaintiff made an offer of proof. The propriety of the rejection of this evidence and its effect, if admissible, are the principal issues on appeal.

Prior to this court's opinion in *Bahler v. Fletcher*, 257 Or 1, 474 P2d 329 (1970), this court had voiced the following rule from *Jenkins v. Jenkins*, 103 Or 208, 215, 204 P 165 (1922) :

"It is the general rule that a judgment of conviction or acquittal of a party charged with crime cannot be given in evidence in a civil action to prove or negative the facts upon which it was rendered."

*Marshall v. Mullin,* 212 Or 421, 425, 320 P2d 258 (1958).

The usual reason given for not admitting evidence of the judgment was that the other party in the civil action was not a party to the prior criminal proceeding and not bound by it; therefore, since both parties were not bound by the outcome of the criminal case, it was considered unfair to bind the convicted person by such outcome. This was all changed by *Bahler* which did away with the necessity of mutuality to the application of the doctrine of collateral estoppel.

This change was recognized by our opinion in the subsequent case of *Casey v. N. W. Security Ins. Co.,* 260 Or 485, 491 P2d 208 (1971). In *Casey* an insured brought an action against his insurer for damages for the latter's failure to defend an action brought by a person injured by the insured's operation of an automobile. We held that the insurer was not obligated to defend because the insured had been convicted of the crime of assaulting the injured party with a dangerous weapon (the automobile) and that the insured was collaterally estopped from contending that the injury inflicted was the result of an accident rather than of an intentional act which was not within the policy coverage.

■ Defendants argue that *Bahler* did not advocate the application of collateral estoppel without limitation in that it recognized there would be situations in which its application would result in unfairness. In line with this argument, they contend that in this case it would be unfair and poor policy to apply the doctrine. Defendants have correctly interpreted *Bahler* insofar as they go. Beyond that point, however, *Bahler* holds that the person against whom the estoppel would

otherwise be asserted has the burden of proving that unfairness would result if the estoppel was applied. *Bahler v. Fletcher, supra* at 15.

■ Defendants contend that the application of collateral estoppel in such circumstances would result in unfairness because 1) Kevin's cousin, who was a passenger in the automobile, was unable to be present at trial as he was away at college, and 2) the specification of negligence concerning Kevin's being on the wrong side of the road was only one of five specifications. It is our conclusion that, insofar as the record shows here, Kevin had a fair opportunity in the criminal case to litigate whether or not he was operating the automobile on the wrong side of the road. He originally was cited to appear in court on September 14, 1971, but a continuance was granted until October 14 for the purpose of reinvestigation. On November 26 a plea of not guilty was made and on February 1, 1972, trial was held during which Kevin was represented by the same counsel as the one who represented him in this case. Although at the time of trial Kevin's cousin was attending college in Colorado, no motion for a specific trial date or for a continuance for the convenience of witnesses was filed. Thanksgiving and the year-end holidays intervened, when college students are usually home, and spring vacation was fast approaching.

■ It is irrelevant to the fair application of collateral estoppel that the allegation of Kevin's operating the vehicle upon the wrong side of the road was only one of five allegations of negligence made against him in this case.

■■ Defendants also contend generally that it is poor policy and unfair to apply collateral estoppel in such situations because 1) if finality is afforded traffic

cases, they will be defended and appealed more vigorously, thus clogging courts and creating more instead of less litigation, and 2) a defendant will be required to spread his defense resources over both a minor criminal matter and a serious civil case, to his detriment in his civil defense, when ordinarily he would give only perfunctory attention to the minor criminal matter. As was stated in *Bahler v. Fletcher, supra* at 11, "we wonder how often it is that a person, when faced with multiple litigation arising out of a single factual situation, does not intentionally put his best foot forward, regardless of the nature of the first case." We do not accept the correctness of defendant's first premise. The court-clogging (no actual saving of litigation) claim was considered in *Bahler* but rejected. As to defendants' second general contention, there is no indication in this case that they suffered from lack of litigation resources or that Kevin was in any way prevented from putting his best foot forward; and we do not believe, as a general proposition, that defendants always will be required to stretch their resources too thin.

■ The trial court was in error in not admitting the evidence of the results of the prior litigation. By such a holding we do not mean that a collateral estoppel issue should be one for the jury. Rather, it is a matter for the court and should be made known to the jury only if and when it is instructed concerning Kevin's prior case and defendants' foreclosure from relitigating the issue which is the subject of the estoppel.

The judgment of the trial court is reversed and the case is remanded for a new trial.