REINSCH, *Appellant,*

*v.*

QUINES, *Respondent.*

546 P2d 135

*Jack D. Howe,* Portland, argued the cause for appellant. On the briefs with him were Galton & Popick and Leonard Popick, Portland.

*David C. Landis,* Portland, argued the cause for respondent. On the brief were Gearing, Cheney, Landis, Aebi & Kelley, and Earl A. Fewless, Portland.

TONGUE, J.

**TONGUE, J.**

This is an action for personal injuries sustained in an automobile accident. Plaintiff appeals from an adverse judgment based upon a jury verdict in favor of defendant.

Plaintiff assigns as error the refusal of the trial court to permit plaintiff to offer in evidence the record of defendant's conviction for failure to yield the right-of-way at the time of that accident, either (1) for the purpose of impeaching the credibility of defendant's testimony as a witness, or (2) for the purpose of collaterally estopping defendant from denying his negligence to plaintiff.

*The offer of the record of defendant's prior conviction for the purpose of impeachment of defendant as a witness.*

The trial court rejected the offer of the record of defendant's conviction for the purpose of impeachment of defendant as a witness for two reasons: (1) that his conviction for failure to yield the right-of-way "cannot be interpreted by the jury, other than [as] an adjudication of guilt on the merits of the case as opposed to being restricted to impeachment of credibility," and (2) "if the man was not represented by counsel" at the time of his prior conviction (as stated by defendant's attorney) "you cannot use non-represented counsel cases for impeachment purposes."

1. *By the terms of ORS 45.600 plaintiff was entitled to impeach defendant as a witness by proof of the prior conviction of "any crime."*

The first ground on which the trial judge excluded the proof of the prior conviction for purposes of impeachment was an attempt to exercise a discretion to forbid the impeachment of a witness by proof of the prior conviction of a crime when the circumstances were such, in his opinion, as to result in prejudice.

While we understand the view of those who advo-

cate the adoption of such a rule, we had thought that the position of this court on this subject had been made abundantly clear for the benefit of both trial lawyers and trial judges in two recent decisions.

ORS 45.600 provides:

> "A witness may be impeached by the party against whom he was called, by contradictory evidence or by evidence that his general reputation for truth is bad or that his moral character is such as to render him unworthy of belief; but he may not be impeached by evidence of particular wrongful acts, *except that it may be shown by his examination or by the record of the judgment, that he has been convicted of a crime.*" (Emphasis added)

In *Marshall v. Martinson*, 268 Or 46, 518 P2d 1312 (1974), after reference to our prior decisions on this subject, the majority of this court (at 49-50) expressly rejected the contention that trial judges have any discretion whether to permit or forbid the impeachment by proof of conviction of any crime and said (at 51) that:

> "* * * By the adoption of what is now ORS 45.600 the Oregon legislature has apparently adopted the view, as a matter of public policy, that a jury may properly find that a person who has been convicted of any crime may be less reliable as a witness than a person who has never been convicted of any crime.
>
> "While we may or may not agree with this view, we believe that because ORS 45.600 is clear and unambiguous to that effect, any change to be made in this rule must be made by the legislature, rather than by this court.
>
> "It follows that the trial court had no discretion to reject plaintiff's offer of proof of the prior conviction upon the ground that undue prejudice would result. * * *"

In *Smith v. Durant,* 271 Or 643, 534 P2d 955 (1975), after citing and reconsidering all of our previous decisions on this subject, the majority of this court reaffirmed its previous decision in *Marshall,* saying (at 661-62):

> "We do not disagree with the view that there may be a 'need for revision' of ORS 45.600, * * *"

but that

> "* * * such a change should be accomplished by that [legislative] means rather than by the decision of this court * * * particularly after so recently reaffirming in *Marshall* such a well established rule and one of such long standing."

We recognize that the application of this rigid rule may result in occasional prejudice to the defendant in a personal injury case. The same may also be true in such a case when the defendant contends that plaintiff was guilty of contributory negligence in the operation of his automobile. As we said, however, in *Smith v. Durant, supra* (at 647):

> " 'Prejudice' is possible in both civil and criminal cases whenever a witness is impeached by the proof of conviction of any crime. However, the question of whether and how to limit the scope of permissible impeachment for prior conviction of crime is one of public policy. In this instance, the Oregon legislature not only has power to legislate but has adopted a statute on this subject. We can neither repeal nor amend that statute, but only endeavor to see that it is applied in accordance with the intent of the legislature."

It is significant that the 1975 Legislature adopted a statute which, when effective, will forbid the impeachment of witnesses by the use of convictions for offenses now classified as "traffic infractions," rather than as "crimes."[1] That statute, however, made no change in the provisions of ORS 45.600, under which a witness may be impeached by proof of a prior conviction of "any crime," including crimes involving the same transaction, despite the fact that prejudice may sometimes result, depending upon the circumstances, as in this case. Also, that statute had not been enacted at the time of the trial of this case and is not yet in effect.

It follows, under the rule which we have reaffirmed

---

[1] 1975 Oregon Laws ch 451, § 140a provides:

"A conviction before or after the effective date of this 1975 Act of any of the statutory counterparts of offenses designated as traffic infractions in this 1975 Act shall not be used to impeach the character of a witness in any criminal or civil action or proceeding."

in *Marshall* and in *Smith,* that the trial court was in error in excluding the record of defendant's conviction for failure to yield the right-of-way on the ground that it would be "interpreted" by the jury as "an adjudication of guilt on the merits of the case."

*2. The statement by defendant's counsel that defendant was not represented by counsel at the time of a previous conviction of a crime used to impeach him in a subsequent civil case was not sufficient to bar the use of that conviction for that purpose.*

Defendant contends that all persons accused of any crime have a constitutional right to counsel, citing *Stevenson v. Holzman,* 254 Or 94, 458 P2d 414 (1969), and *Argersinger v. Hamlin,* 407 US 25 (1972); that a conviction obtained without counsel or without a valid waiver of counsel cannot be used against a person either "to support guilt or enhance punishment for another offense," citing *Burgett v. Texas,* 389 US 109 (1967); that this includes use of a prior conviction to impeach the credibility of a witness who testifies in his own behalf, citing *Loper v. Beto,* 405 US 473 (1972).

Defendant also contends that, for these reasons, when an attempt is made to impeach a defendant by the use of a prior conviction, a hearing should be held outside the presence of the jury at which "[t]he state has the burden of proving a prior conviction;" that the defendant *"must then produce evidence that his constitutional right to counsel was infringed in the prior proceeding"*; and that "the burden is then on the state to prove that his right to counsel was not infringed on the prior proceeding"—a procedure adopted by the Maryland court for use in criminal proceedings in *Johnson v. State,* 9 Md App 166, 263 A2d 232 (1970).

Based upon this reasoning defendant contends that "[t]he record indicates that defendant was convicted and that he was not represented by counsel"; that "[t]here is no showing by plaintiff that defendant's right to counsel was not infringed in the prior proceed-

ing"; and that, accordingly, "this court should affirm the trial court's exclusionary ruling."

■ Upon reading the record, however, we find that this result does not follow even if we were to accept defendant's contentions and adopt the procedure proposed by him. The only fact that "the record indicates" is that defendant's *attorney,* while conceding that defendant had previously been "found guilty," said that this was "without a lawyer."[2] That statement by defendant's counsel was not "evidence" and plaintiff's attorney declined to stipulate to it as a fact, "because I don't know."

Defendant offered no "evidence" either that he had no counsel at that time, or if not, that there was no "valid waiver" of counsel, so as to satisfy the burden, as now recognized by defendant, to "produce evidence that his constitutional right to counsel was infringed in the prior proceeding." Thus, in excluding the offer of the record of defendant's prior conviction based upon the unsworn statement by defendant's attorney, the trial court would have erred even under defendant's present contentions and under the procedure now proposed by him.

Because, however, this case must be remanded for a new trial and because of the seriousness of this question we shall consider the merits of defendant's contentions.

3. *The rule of Burgett v. Texas and Loper v. Beto is a rule for application in criminal, not civil, cases.*

Upon reading the cases relied upon by defendant we find that they were all criminal cases and that they hold, in effect, that in a criminal case in which the defendant testifies on his own behalf the state may not offer in evidence the record of a prior conviction of the defendant at which he was not represented by counsel and at which there was no valid waiver of counsel

---

[2]The transcript of the trial was corrected, at defendant's request, so as to show that this statement was made by defendant's attorney, rather than by the trial judge.

when such a conviction would be used by the state either "to support guilt or to enhance punishment for another offense" and that in the constitutional sense the use of such prior convictions to impeach defendants who testify on their own behalf in criminal cases is "to support guilt" of such defendants in such cases.[3]

The procedure adopted by the Maryland court in *Johnson v. State, supra,* was also for use in criminal cases and has not, insofar as we can discover, been extended by that court for use in civil cases.[4] We also find no cases in which courts of other jurisdictions, during the five years since *Johnson,* have adopted such a procedure for application in either criminal or civil cases.[5]

■ We need not decide in this case what, if any, special procedure may be required in Oregon in criminal cases in which such contentions may be made. We hold, however, that the procedure adopted by the Maryland court in *Johnson* is not constitutionally required for use in civil cases.

---

[3]See *Loper v. Beto,* 405 US 473, 483 (1972). See also *Burgett v. Texas,* 389 US 109, 115 (1967); *Johnson v. State,* 9 Md App 166, 263 A2d 232, 238-39 (1970); *In re Flowers,* 13 Md App 414, 283 A2d 430, 432 (1971); *Spaulding v. State,* 481 P2d 389, 391-92 (Alaska 1971); *State v. Koch,* 118 NJ Super 421, 288 A2d 295, 299 (1972); and *Tucker v. State,* 499 P2d 458 (Okla Cr App 1972).

In addition, see Note, Impeachment of the Criminal Defendant by Prior Convictions, 50 Notre Dame Law 726 (1975), and Note, Evidence—Use of Prior Uncounseled Convictions for Impeachment, 22 DePaul L Rev 680 (1973).

[4]See *Johnson v. State,* 9 Md App 436, 265 A2d 281 (1970); *In Re Flowers,* 13 Md App 414, 283 A2d 430 (1971); *Carroll v. State,* 19 Md App 179, 310 A2d 161 (1973).

Cf. *State Forester v. Umpqua River Nav.,* 258 Or 10, 14, 26, 478 P2d 631 (1970), *cert denied,* 404 US 826 (1971).

[5]It is also of interest to note that in the years since the decision by the Supreme Court of the United States in *Burgett v. Texas,* 389 US 109 (1967), and *Loper v. Beto,* 405 US 473 (1972), neither the proposed Uniform Rules of Evidence (ULA), Rule 609 (1975), nor the Federal Rules of Evidence, Rule 609, have adopted any similar procedure for use in such cases. See also Note, The Ghost of Convictions Past: The Impeachment of Witness Credibility, 4 Cap L Rev 244 (1975).

*The offer of the record of defendant's prior conviction for the purpose of collateral estoppel.*

· As previously stated, plaintiff also offered in evidence the record of the judgment of defendant's prior conviction for failure to yield the right-of-way at the time of the accident involved in this case as substantive evidence for the purpose of collaterally estopping defendant from denying that allegation of negligence in plaintiff's complaint, so as to thus establish his negligence in this case.

The trial judge rejected the offer of that record for that purpose for two reasons: (1) "It is not within the pleadings," and (2) "a non-attorney represented conviction in District Court does not fall within the purview of collateral estoppel as set out by *Casey v. Northwest*" and it "would be inherently unfair to have that constitute an adjudication * * * [of] plaintiff's [and] * * * defendant's rights."

1. *Plaintiff's failure to plead collateral estoppel by reason of defendant's prior conviction.*

It is not entirely clear from the comments by the trial judge at the time of trial whether the first reason stated by him was that plaintiff was required to plead the prior conviction in order to rely upon it as a collateral estoppel of the defendant. Defendant apparently made no such contention at that time, insofar as is shown by the record, and in its brief as respondent on this appeal defendant has cited no authorities in support of such a contention.

In plaintiff's reply brief, however, it is contended that where collateral estoppel is not relied upon in bar of an action, but is "introduced into evidence merely as conclusive of some particular fact formerly adjudicated," collateral estoppel need not be pleaded, citing *Furlong v. Tish,* 189 Or 86, 218 P2d 476 (1950), and *In re Patton's Estate,* 170 Or 186, 132 P2d 402 (1943). To

the same effect, see *Farmers & Fruit Growers' Bank v. Davis,* 93 Or 655, 665, 184 P 275 (1919).[6]

Those cases have never been overruled. They were decided, however, long before our decision in *Bahler v. Fletcher,* 257 Or 1, 474 P2d 329 (1970), in which this court extended the application of the rule of collateral estoppel to cases in which there is no "mutuality of parties," as required by our prior decisions. In *Bahler* (at 19) we also held that collateral estoppel will not be applied in such cases when "unfairness" would result.

One of the basic requirements of the rule of "fairness" is that the opposing party have fair notice. It may be contended that this is of particular importance in a case in which one party contends that collateral estoppel should be applied in a case in which there is no mutuality of parties and that, as a result, this court should overrule those earlier cases and hold that notice must be given by a pleading of collateral estoppel in all cases in which a party intends to rely upon it, whether as a complete bar or as conclusive evidence of a particular fact in issue. Cf. *Holmgren v. Westport Towboat Co.,* 260 Or 445, 451, 490 P2d 739 (1971).

It is of interest to note, however, that no such requirement was imposed by this court in *Meyers v. Burwell,* 271 Or 84, 530 P2d 833 (1975), also involving an action for personal injuries, in which plaintiff offered in evidence the judgment of defendant's conviction for driving on the wrong side of the road to collaterally estop defendant from denying such conduct, alleged as a specification of negligence in plaintiff's complaint. We held that offer to be proper even though collateral estoppel was not pleaded by the plaintiff. The decision in *Myers* was announced two days following the ruling by the trial judge in this case.

Because this issue has not been directly raised by

---

[6]For other cases recognizing such a distinction and for other cases to the contrary see Annot., 88 ALR 574, 576, 577 (1934), and 120 ALR 8, 68 (1939).

the defendant on this appeal and because, for reasons next stated, the conviction of defendant for that traffic offense cannot be used on the retrial of this case as a basis for a claim of collateral estoppel, we do not decide that question in this case.

2. *Prior conviction of unrepresented defendant for traffic offense as basis for collateral estoppel in subsequent personal injury case.*

The 1975 Oregon Legislature adopted a statute, which became effective July 1, 1975, and which provides that "[a] judgment of conviction * * * of a person charged with a traffic offense is not admissible in the trial of a subsequent civil action arising out of the same accident * * * to prove or negate the facts upon which such judgment was rendered."[7] This statute, in effect, overruled the decision of this court in *Meyers v. Burwell, supra.*[8]

As previously stated, under the rule of *Meyers v. Burwell, supra,* the trial court erred in excluding the record of the judgment of defendant's conviction for failure to yield the right-of-way as substantive evidence for the purpose of collateral estoppel (as well as for purposes of impeachment). Because of the adoption of this statute, however, it follows that upon a possible retrial of this case following the reversal of the judgment of the trial court and remand for further proceedings, the record of that conviction will then be "not admissible" as substantive evidence in such an action.

For these reasons we need not consider whether, aside from that statute, defendant's prior conviction could be offered as substantive evidence on retrial of this case for purposes of collateral estoppel if it is

---

[7] 1975 Oregon Laws ch 542, § 1.

[8] In addition, the new criminal code, which becomes effective July 1, 1976, includes the following provision:

"Notwithstanding ORS 43.130 and 43.160, no plea, finding or proceeding upon any traffic infraction shall be used for the purpose of res judicata or collateral estoppel, nor shall any plea, finding or proceeding upon any traffic infraction be admissible as evidence, in any civil proceeding." 1975 Oregon Laws ch 451, § 140(2).

established that he was not represented by counsel at that time.

■ We note, however, that this statute is limited to the use of a conviction of a traffic offense as substantive evidence "to prove or negate the facts" and that it does not bar the use of such a conviction for purposes of impeachment of a witness, in a subsequent civil action, whether or not such witness is a party to such an action. As previously noted, the separate statute adopted by the 1975 Legislature which will forbid the use of a conviction of a traffic infraction for purposes of impeachment of a witness in a criminal or civil action does not become effective until July 1, 1976.

For reasons previously stated, the judgment in this case is reversed and it is remanded for further proceedings not inconsistent with this opinion.

**DENECKE, J.,** dissenting.

I dissent for the reasons stated in the dissents in *Marshall v. Martinson,* 268 Or 46, 59, 65, 518 P2d 1312 (1974).

O'CONNELL, C. J., joins in this dissent.