Argued March 10, affirmed April 6, petition for rehearing
denied May 18, 1960

## TUPPER v. AMORT

350 P. 2d 904

*John E. Walker*, Portland, argued the cause for the appellant. With him on the briefs were William C. Beers and Carl D. Etling, Portland.

*Henry L. Bauer*, Portland, argued the cause for the respondent. On the brief were William J. Crawford, Burns, and Bauer & Bauer, Portland.

Before McAllister, Chief Justice, and Warner, Sloan and Duncan, Justices.

SLOAN, J.

In this action plaintiff seeks the recovery of the same money this court refused to allow on a counter-claim in the case of *Amort v. Tupper* (1955) 204 Or 279, 282 P2d 660. We will refer to that case as the former suit. The facts which give rise to the present case are the same as set forth in the opinion in the former suit. The trial court denied plaintiff recovery on the ground that the former suit was res judicata of the present case. Plaintiff appeals.

Briefly stated the facts are these: In 1950, the present plaintiff, Tupper, purchased from defendant Amort the latter's shares of stock in an Oregon cor-poration known as Contractors Supply Company. The total purchase price for the stock was $12,000. About $6,500 of this purchase price was paid in cash, the balance was paid by a promissory note secured by a chattel mortgage on the shares of stock. Thereafter, Tupper, the purchaser, defaulted and Amort brought the former suit to enforce his note and mortgage. Tupper defended on the ground of fraud. He sought the rescission of the contract and filed a counterclaim seeking, as damages, the return of his purchase price. In the former suit the trial court allowed Tupper all the relief he had prayed for. On appeal, this court sus-tained that part of the decree of the trial court which canceled the note and mortgage but refused to allow the counterclaim. In the present action, as previously mentioned, Tupper is attempting to recover the same money.

The sole issue presented by the briefs and argument

of the parties is: Is the former determination of this court a bar to plaintiff's present action. We believe it unnecessary to decide that issue. For the reasons following it appears that there is no evidence to support a judgment for plaintiff in any event.

In the present case plaintiff's complaint merely alleged a common count in assumpsit in the barest form. He alleged that defendant became indebted to plaintiff and, though demand had been made, refused to pay. The defendant's answer denied the allegation. The case was tried on the merits and both parties presented all of the evidence they saw fit to introduce before the trial court arrived at its decision. The case was tried to the court without a jury.

The only evidence presented by plaintiff was in the form of exhibits. He introduced the judgment roll of the former suit, the opinion of this court in the former suit, and two audits of the financial affairs of the Contractors Supply Company that were exhibits in the former suit. Except for one witness who identified some of the exhibits, the plaintiff did not present any witnesses. During the course of the hearing, before the trial judge, the latter asked the plaintiff, more than once, to explain the precise theory upon which plaintiff sought recovery. There is no answer in the record which gives a satisfactory explanation of any basis upon which plaintiff sought recovery. After a motion for involuntary nonsuit had been filed, when plaintiff rested, the court again sought from plaintiff a theory or basis for recovery. There followed a discussion off the record. We do not have the benefit of whatever was said. It apparently gave some partial satisfaction to the trial court for he reserved his ruling on the motion and defendant then introduced his evidence.

We have mentioned the only evidence introduced by plaintiff. The judgment roll probably establishes the fact of a former suit and the allegations and denials of the pleadings and the orders and judgments entered. The allegations of the pleadings, unless admitted, prove nothing. In so far as we can determine from the record the plaintiff introduced the opinion of this court in the former suit as establishing the facts necessary for his recovery rather than by presenting the testimony of witnesses. When asked the purpose of introducing the opinion, one of plaintiff's counsel replied:

"The findings of fact as made by the Supreme Court in the case of Amort versus Tupper in the trial de novo from the case originally tried in the Circuit Court of Clackamas County."

Later, in answer to further questions, counsel for plaintiff stated:

"We base our right to recover on assumpsit and money had and received, and base it on the findings sent down by the Supreme Court.

"THE COURT: In other words you are saying that based upon these findings that you are entitled to a refund of the money?

"MR. ETLING: That's right.

"THE COURT: Do I understand further that you do not intend to introduce any other testimony with respect to the right to recover this money?

"MR. ETLING: I have some further exhibits, your Honor, that I would like to offer at this time."

The plaintiff did not produce a witness who testified as to any facts.

The statements of counsel are the only explanation we have for the lack of any other evidence. Apparently,

plaintiff assumed that the statement of the basic facts contained in the opinion of this court was in the nature of evidence and would be received as a conclusive finding of fact and binding on the trial court or a jury. It is the same as a situation that would prevail when this court reverses a trial court when the trial court had allowed a directed verdict against a plaintiff. Upon new trial, if the plaintiff would introduce the opinion of this court and then rest on the theory that the facts stated in the opinion were binding and conclusive, and proved his case, it would be just the same as plaintiff's position in this case. It requires no citation of authority to show that the plaintiff would have proved nothing.

■■ The facts stated in the opinion of a court are not evidence. *Mannix v. Portland Telegram* (1933) 144 Or 172, 186, 187, 23 P2d 138, 90 ALR 55; 20 Am Jur, Evidence, § 998, p 845. We recognize that in *Kingsley et ux v. Jacobs et al* (1952) 194 Or 394, 401, 241 P2d 115, it was held that in an equity proceeding the facts and law stated by this court become the law of the case and are binding upon the parties. However, we know of no theory or rule that would permit the opinion relied on in this case to be treated as evidence to establish any facts necessary to warrant a judgment. Accordingly, there is no evidence in this record to support a judgment for any reason. We are obliged to say that the judgment rendered was such as should have been rendered. *Billion v. Billion* (1931) 137 Or 622, 635, 1 P2d 1108, 3 P2d 1113; 3 Am Jur, § 1163, p 674.

Affirmed.

## ON REHEARING

John E. Walker and Carl D. Etling, Portland, for the petition.

Before McAllister, Chief Justice, and Rossman, Warner, Perry, Sloan, O'Connell and Goodwin, Justices.

PER CURIAM.

The petition for rehearing reveals that our original opinion in this case may require clarification. The opinion was intended to and did hold that the *statement of facts* set forth in an opinion by this court could not be used to prove evidentiary facts in a later

trial or hearing. We understand the plaintiff's contention in this case to be that facts stated in the opinion of this court in the former case of *Amort v. Tupper* (1955) 204 Or 279, 282 P2d 660, could be used to prove necessary evidentiary facts in the trial of the present case. We held that such could not be done. That was the limit of our opinion in this case.

■ The petition also complains that we did not decide the issue of *res judicata*. The court is of the opinion that the trial court was correct when it decided that the decision of this court in *Amort v. Tupper*, supra, was *res judicata* of the issues presented in the present case.