Submitted on record January 19, dismissed May 26,
petition to amend denied June 22, 1971

IN RE COMPLAINT AS TO THE CONDUCT OF
REUBEN LENSKE, ACCUSED.
485 P2d 419

No appearances.

PER CURIAM.

This is a disciplinary action brought by the Oregon State Bar against the accused, Reuben Lenske.

The accused was admitted to the practice of law in Oregon in 1925. On April 22, 1964, he was convicted in the United States District Court for the

District of Oregon of the federal crime of "* * * wilfully and knowingly attempting to evade and defeat a large part of income tax due and owing * * *."

Thereafter, the Oregon State Bar filed a certified copy of the judgment of conviction with this court, and the accused was summarily suspended from the practice of law on April 28, 1964. Later, the Oregon State Bar commenced an original contempt proceeding in this court, claiming that the accused had violated the court's order by continuing to practice law. In May, 1966, we found that the accused had continued to engage in the practice of law, found him guilty of indirect contempt, and fined him $500. *State ex rel* Oregon State Bar v. Lenske, 243 Or 477, 405 P2d 510, 407 P2d 250 (1966). Plaintiff's petition for a writ of certiorari to the United States Supreme Court was denied, *Lenske v. Oregon ex rel Oregon State Bar*, 384 US 943, 86 S Ct 1460, 16 L Ed 2d 541 (1966), as was his petition for rehearing, 384 US 1028, 86 S Ct 1920, 16 L Ed 2d 1047 (1966).

In the meantime the accused had appealed his conviction in the United States District Court for Oregon to the United States Court of Appeals, Ninth Circuit, and in August, 1967, that court reversed the conviction. *Lenske v. United States*, 383 F2d 20 (9th Cir 1967). Upon reversal of his conviction, Lenske was summarily reinstated to the practice of law.

After this court had summarily suspended the accused, and before his reinstatement, the Bar filed a formal complaint alleging the accused's conviction of income tax evasion. No final action was taken on this complaint, and in June, 1969, an amended complaint, and the one presently before this court, was filed by the Bar charging the accused with four counts of

unethical conduct in violation of the standards of professional conduct established by law and the Oregon State Bar. One count charged the accused with engaging in the practice of law during the period of his suspension. The other allegations of unprofessional conduct charged the accused with perjury and false swearing before a judge of the circuit court for Multnomah county in the trial of the case of *Merimac Co., Inc. v. Portland Timber & Land Holding Co.*

The fourth charge is an aggregate of the other three charges.

The trial committee of the Oregon State Bar found the accused not guilty of the charges of perjury and false swearing, but found the accused guilty of the charge of engaging in the practice of law during the period of his suspension, and recommended that the accused be given a public reprimand.

The Board of Governors of the Oregon State Bar found the accused not guilty of the charges of perjury and false swearing, and guilty of the charge of practicing law during the period of suspension. However, the Board was unable to reach unanimity as to the discipline which should be administered and, with one member absent, voted five in favor of a public reprimand by this court, and six in favor of dismissing the amended complaint and all of the charges contained therein.

1. We agree with the findings of the trial committee and the Board of Governors that the charges of perjury and false swearing have not been established by proof which is required to be clear and convincing. *In re J. Kelly Farris*, 229 Or 209, 219, 367 P2d 387 (1961).

2. We believe that the fine of $500 and costs imposed upon the accused by this court in *State ex rel*

*Oregon State Bar v. Lenske, supra,* for indirect contempt for continuing to practice law during his suspension, adequately disposes of that charge.

Since we believe that the discipline imposed in the contempt proceedings was adequate, the charges should be dismissed.

It is so ordered.