Submitted on briefs July 3, complaint dismissed
November 6, 1975

IN RE COMPLAINT AS TO THE CONDUCT OF
ROBERT NEIL GYGI, *Accused.*
541 P2d 1392

Roland F. Banks, Jr., of Souther, Spaulding, Kinsey, Williamson & Schwabe, Portland, filed a brief for accused.

Lloyd G. Hammel, Jr., and John Gordon Gearin filed a brief for Oregon State Bar.

PER CURIAM.

This is a disciplinary action brought against the accused, a member of the Oregon State Bar. The complaint by the Bar Association relates to the ac-

cused's conduct in connection with his duties as corporate counsel and director of Cryo-Freeze Products Co., Inc. The Bar's complaint, filed on April 2, 1974, alleges four separate counts against the accused.

Count 1 charges that the accused (a) represented both Cryo-Freeze and an underwriting firm, Pacific Securities Company, in an underwriting relationship between the two firms, and (b) actively negotiated a settlement of a finder's fee dispute between Herman Goldberg, Pacific Securities and Cryo-Freeze while representing all three parties.

The second count charges that the accused prepared the prospectus which was issued in connection with the initial public offering of Cryo-Freeze securities and that the prospectus contained statements concerning the operability of certain machinery which the accused knew, or should have known, to be false.

Count 3 charges that the accused prepared the 1968 annual report of Cryo-Freeze which made no mention of substantial losses which the accused knew, or should have known, had been incurred in the period immediately preceding the report.

The fourth count merely charges that the allegations of the first three counts, taken cumulatively, demonstrates that the accused acted unethically.

The disciplinary hearing took place on December 30, 1974, before the Trial Board. In an opinion issued on March 14, 1975, the Trial Board recommended the dismissal of count 1 for lack of evidence. Regarding count 2, the Board found that, although there were doubts about the operability of the machinery, the accused had no technical training and, therefore, had to rely on others for information concerning the status of the machinery. Thus, the Board recommended that the second count of the Bar's complaint be dismissed

as well. However, concerning the third count, the Board found that the accused "did not exercise the required diligence and forcefulness that an attorney should exercise in a matter of this type," and recommended that the accused be reprimanded on this basis. Count 4, the cumulative count, was not discussed.

The accused requests that we adopt the recommendations of the Trial Board as to dismissal of counts 1 and 2, and that we dismiss the remaining counts as well. Counsel for the Bar urge only counts 2 and 3 in this court.

The Bar's complaint apparently stems from a federal securities suit previously brought against the accused and others by stockholders of Cryo-Freeze. The complaint in the federal case was filed in June, 1970, in the United States District Court for the District of Oregon, *Blakely v. Lisac,* 357 F Supp 255 (D Or 1972). There, the plaintiff-stockholders brought a class action seeking damages under Section 10(b) of the Securities Exchange Act of 1934, 15 USC § 78j(b) (1970), and SEC Rule 10b-5, 17 CFR § 240.10b-5. The plaintiffs alleged that the defendants were responsible for material misstatements and omissions made in connection with plaintiffs' purchases of Cryo-Freeze securities. The issues were segregated and the question of liability was tried first. Judge Solomon issued an opinion in which he concluded that the accused was "liable to those stockholders who purchased in reliance on the prospectus, the March 20 Report and the 1968 Annual Report." 357 F Supp at 267. The case was then turned over to Judge Burns for further proceedings and was eventually settled. A final judgment dismissing the action was issued on November 14, 1974.

At the disciplinary hearing, counsel for the Bar took the position that Judge Solomon's decision on the question of liability established their case against the

accused. They assert that the doctrine of collateral estoppel is applicable and, therefore, the accused should be precluded from relitigating issues previously determined by the federal decision as to his liability under Rule 10b-5. Alternatively, counsel for the Bar argue that if collateral estoppel is not applicable, Judge Solomon's opinion, including his findings of fact,[1] is admissible in this proceeding as proof of the allegations of the Bar's complaint. We disagree with both contentions.

■ The doctrine of collateral estoppel acts as a restraint on the relitigation of issues already adjudicated. It proceeds upon the premise that, in the absence of a showing of actual unfairness, one who has had a full, complete and fair opportunity to litigate an issue upon which his rights depend, and has lost, need not be granted a second opportunity to contest that issue. *See Bahler v. Fletcher,* 257 Or 1, 474 P2d 329 (1970).

■ Collateral estoppel, however, prevents relitigation of only those particular issues which were necessarily decided in a prior cause of action. *Bahler v. Fletcher,* supra. In a federal suit under Rule 10b-5 of the SEC, as in most civil suits, the plaintiff is required only to establish his case by a preponderance of the evidence. Thus, all that was essential to the decision in the federal case was a determination that it was more probable than not that the accused had been negligent in connection with the drafting and issuance of the prospectus and the 1968 annual report. However, in a disciplinary proceeding in this state, counsel for the Bar must show unethical conduct by evidence which is clear and convincing. *In re Reuben Lenske,* 259 Or 228, 230, 485 P2d 419 (1971); *In re J.*

---

[1] The findings of fact made in the federal suit are not separately set forth but are included in the opinion itself in accordance with Rule 52(a) of the Federal Rules of Civil Procedure.

*Kelly Farris,* 229 Or 209, 219, 367 P2d 387 (1961). Thus, there is a higher standard of proof in disciplinary actions than that which obtained in the federal securities case.

■ Collateral estoppel is not applicable when the standard of proof in the second proceeding is greater than that which applied in the first. *Strachan Shipping Co. v. Shea,* 276 F Supp 610, 614 (SD Tex 1967), *aff'd* 406 F2d 521 (5th Cir), *cert. denied* 395 US 921, 89 S Ct 1773, 23 L Ed 2d 238 (1969). *See One Lot Emerald Cut Stones v. United States,* 409 US 232, 235, 93 S Ct 489, 34 L Ed 2d 438 (1972); *Helvering v. Mitchell,* 303 US 391, 397, 58 S Ct 630, 82 L Ed 2d 917 (1938); *Young & Co. v. Shea,* 397 F2d 185, 188-89 (5th Cir 1968); *In re Four Seasons Sec. Laws Litigation,* 370 F Supp 219, 236 (WD Okla 1974). *See also* Restatement (Second) Judgments, § 68.1. (Tent. Draft No. 1, March 28, 1973):

> "* * * relitigation of the issue in a subsequent action between the parties is not precluded in the following circumstances:
>
> "* * * * * .
>
> "(d) The party against whom preclusion is sought had a significantly heavier burden of persuasion with respect to the issue in the initial action than in the subsequent action; the burden has shifted to his adversary; or the adversary has a significantly heavier burden than he had in the first action * * *."[2]

■ Moreover, under the doctrine of collateral estoppel, the prior judgment is treated as conclusive, not because it is actually conclusive evidence of the ultimate truth as to those issues necessarily deter-

[2] Because of our decision that collateral estoppel cannot apply in this case because of the higher burden of proof required, we need not consider the accused's contention that the decision in the federal suit was not sufficiently "final" so that collateral estoppel could otherwise be applicable.

mined, but because of the public interest in the finality of judgments and in the efficient administration of justice. Consequently, if collateral estoppel is inapplicable, the findings of fact made in a prior case become irrelevant. Those findings cannot be introduced to prove facts at issue in a subsequent proceeding. *See Tupper v. Amort,* 222 Or 33, 350 P2d 904, 352 P2d 563 (1960); *Cole v. Johnson et al,* 103 Or 319, 205 P 282 (1922); 30 Am Jur 2d 107-109, Evidence §§ 976-78 (1967); *cf., Meyers v. Burwell,* 271 Or 84, 530 P2d 833 (1975).⑨

■■ Findings of fact are not independent evidence of the existence of any particular set of facts at issue in a previous case. Such findings merely reflect the trier of fact's own opinion as to the facts to be found and the inferences to be drawn from the evidence before him. The underlying evidence presented in the original suit is neither strengthened nor weakened by the decision rendered in that case. If counsel for the Bar wished to rely on the evidence presented in the federal suit, the evidence itself—rather than the conclusions previously drawn from that evidence— should have been introduced. *See In re Santosuosso,* 318 Mass 489, 495, 62 NE2d 105, 161 ALR 892 (1945);

---

⑨ We realize that in some jurisdictions criminal judgments of *conviction* are given evidentiary—as distinguished from collateral estoppel—effect in subsequent civil suits based on the same conduct. *See* 4 Wigmore, Evidence § 1346(a); 5 Wigmore, Evidence § 1671(a) (Chadbourn rev ed 1974); McCormick, Evidence § 318 (2d ed 1972); Annot., 18 ALR2d 1287 (1951). In these jurisdictions, the courts have not been willing to give criminal judgments of conviction collateral estoppel effect in subsequent civil suits. Therefore, in order to prevent inconsistent and sometimes harsh results, the prior criminal conviction is given evidentiary effect. *See* 4 Wigmore, supra. However, since in Oregon a criminal conviction can be given collateral estoppel effect in a subsequent civil suit, *see* Myers v. Burwell, 271 Or 84, 530 P2d 833 (1975), Casey v. N.W. Security Inc. Co., 260 Or 485, 491 P2d 208 (1971), there is no need to treat a prior conviction as having evidentiary effect in this jurisdiction.

*cf. State v. Gudmundsen,* 145 Neb 324, 328-29, 16 NW2d 474 (1944).[4]

To summarize, it is our conclusion that collateral estoppel is not applicable to this case, and that the opinion and findings of fact in the prior federal suit are not admissible as evidence in this proceeding. Thus, the only competent evidence presented in this proceeding which bears on the accused's conduct during the time in question was the direct and cross-examination of the accused and his witness, Philip Lisac, the exhibits presented by the accused, and the stipulations of fact contained in the pre-trial order in the earlier federal suit. While the evidence indicates that the accused may have been negligent in the preparation of the 1968 annual report, in our view that evidence is not clear and convincing proof that the accused has engaged in unethical conduct. Although negligence may be a sufficient basis for civil liability under Rule 10b-5 in a federal securities suit, we are not prepared to hold that isolated instances of ordinary

---

[4] Our decision in this case makes it unnecessary for us to consider the accused's contention that the order issued by Judge Burns in approving the settlement of the earlier federal suit would itself prevent any use of Judge Solomon's findings in this proceeding. The pertinent paragraph of Judge Burns' order provides, in part:

"The parties have agreed and the Court directs that this Order and all papers related to it are not, and shall not be construed as an admission by defendants or any of them that any of the claims asserted in this class action states a cause of action against any defendant, and this Order shall not be construed as an admission by defendants of the validity of any claims asserted in this class action or the liability of any defendant therein or of any wrongdoing by any of them or of any violation of law by any of them, nor are they a concession nor shall they be used as an admission of liability to any member of the class. *Neither this order, nor any paper related to it,* nor any of the terms thereof *shall be offered or received in evidence in any civil, criminal, or administrative action or proceeding* as an *admission of wrongdoing* on the part of any defendant * * *." (Emphasis added.) Blakely v. Lisac, Civil No. 70-377 (Oct. 23, 1974).

negligence are alone sufficient to warrant disciplinary action. *Compare In re Hollingsworth,* 272 Or 319, 536 P2d 1244 (1975). *See generally* Annot., 96 ALR2d 823 (1964).

The complaint is dismissed.