IN RE APPEAL NO. 1258, September Term, 1975 from the District Court of Montgomery County, sitting as a Juvenile Court

[No. 1258, September Term, 1975.]

*Decided June 30, 1976.*

---

the allegations of the pleading demurred to are sufficient to permit resolution of the issue.

The cause was argued before ORTH, C. J., and POWERS, DAVIDSON and MELVIN, JJ.

*Michael G. Trainer* and *Daniel G. Hall* for appellant.

*Michael James Kelly, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Andrew L. Sonner, State's Attorney for Montgomery County,* and *Deborah Nalls, Assistant State's Attorney for Montgomery County,* on the brief, for appellee.

\*ORTH, C. J., delivered the opinion of the Court.

## THE JURISDICTION OF THE JUVENILE COURT

Chapter 554, Acts 1975, effective 1 July 1975, repealed former §§ 3-801 to 3-842, comprising Subtitle 8, "Juvenile Causes", of the Courts and Judicial Proceedings Article, and enacted new §§ 3-801 to 3-833 in lieu thereof.[1] Under the new law, court means "the circuit court of a county or Baltimore

---

1. Unless otherwise indicated, citation of a statutory section shall be to the section of Courts Art., Title 3, Subtitle 8, as amended by ch. 554, Acts 1975, effective 1 July 1975.

City sitting as the juvenile court. In Montgomery County, it means the district court sitting as the juvenile court." § 3-801 (g). The general jurisdiction of the court is spelled out in § 3-804. Ordinarily, it has exclusive original jurisdiction over a child alleged to be delinquent, in need of supervision, or in need of assistance. § 3-804 (a). But see § 3-804 (d). A child is a person under the age of 18 years. § 3-801 (c). The determination of jurisdiction upon an allegation that a child is delinquent[2] is controlled by "the age of the child at the time the alleged delinquent act was committed", § 3-805 (a), as distinguished from all other cases, where it is the age of the child at the time the petition is filed which controls the determination of jurisdiction, § 3-805 (b).[3] When a person is subject to the jurisdiction of the court, he may not be prosecuted for a criminal offense committed before he reached 18 years of age unless jurisdiction has been waived. § 3-807 (a). Subsection (b) of § 3-807 then provides:

> "The court has exclusive original jurisdiction, but only for the purpose of waiving it, over an adult who is alleged to have commited a delinquent act while a child."

The provisions of § 3-805 (a), read with the provisions of § 3-807 (b), present problems. They were recognized by the Circuit Court for Kent County in two proceedings recently before it. In each case a person was alleged to have committed a delinquent act when he was under the age of 18 years. He was over the age of 18 years when new §§ 3-805 (a) and § 3-807 (b) became effective, when a petition was filed charging him with being a delinquent child and when the petition came on for hearing in the Juvenile Court. The

---

**2.** A delinquent child "is a child who has committed a delinquent act and requires guidance, treatment, or rehabilitation." § 3-801 (j). A delinquent act "means an act which would be a crime if committed by an adult." § 3-801 (i).

**3.** "If the court obtains jurisdiction over a child, that jurisdiction continues until the child reaches 21 years of age unless terminated sooner." § 3-806 (a). "Unless otherwise ordered by the court, the court's jurisdiction is terminated over a person who has reached 18 years of age when he is convicted of [certain crimes]." § 3-806 (c).

Juvenile Court dismissed the petitions. The State noted appeals and the cases were docketed in this Court in the September Term, 1975, as In Re Appeal No. 1022 and In Re Appeal No. 1081.[4] The Court of Appeals granted certiorari prior to decision by us and docketed the cases as No. 142, September Term, 1975. It issued a Per Curiam Order:

> "For reasons to be stated in an opinion to be filed later, it is this 8th day of March, 1976
>
> ORDERED, by the Court of Appeals of Maryland, that the orders of the Circuit Court for Kent County sitting as a Juvenile Court dismissing the Juvenile Petitions be, and they are hereby, affirmed with costs to be paid by the State of Maryland, and it is further
>
> ORDERED that the mandate be issued forthwith."

In No. 1022 Rasin, J., presiding in the Juvenile Court, explained to the prosecutor why he was dismissing the petition for lack of jurisdiction:

> "[Y]ou are faced with a quirk of the law — I didn't agree with the provision when they rewrote the juvenile statute — but the present law says that Juvenile Court has jurisdiction over people who are 18 when the charges are brought only for the purpose of waiving jurisdiction, if the act was committed before the child was 18. We don't have any jurisdiction, as we did under the old law, to go ahead and try the case and do anything about it. So, I think you are caught with a technicality here the Court must look at as if the hearing were held at a time when the child was under 18, and would the Court have waived jurisdiction at that time. If the Court would have, okay, we'll waive it now and you can be treated as an adult. But if the Court would not have, then we don't waive

---

4. See Maryland Rule 1097.

jurisdiction and we have no jurisdiction — we won't waive the jurisdiction which we don't have. It seems to me it is a little ridiculous. But anyway, it is an automatic dismissal of the petition. So I think that is what you are faced with here. Because obviously, if this case had come to me before he was 18, under these circumstances I would not have waived jurisdiction. I would have kept him in the juvenile court."

In No. 1081 Judge Rasin said in dismissing the petition:

"As a matter of fact, there is a difference of opinion as to whether the Court can do anything but waive, or whether it can proceed with a juvenile hearing if it doesn't waive. It seems clear to me. . . . Because I think the law is set up as sort of a no-man's-land which protects a first offender, which I don't think was really intended by the people who drafted the statute, to provide that one who commits an act before he is 18, and isn't charged until after he is 18, and if he had no prior record he goes scot-free. That seems to be the concensus on the part of most of the people who have had to deal with this particular part of the law. It is highly unsatisfactory. . . . Well, as unfortunate as I think it is, from both the point of view of the interests of the public, and the interests of this Respondent, and considering the fact that there was no prior misbehavior that had been brought to the attention of the authorities or juvenile services, and what we are dealing with is a 17 year-old boy, who is alleged to be involved in a breaking and entering, and under those circumstances the Court would not have waived jurisdiction, and the fact that he is now 18 is insufficient as a fact to waive jurisdiction, because if that had been the intention then the law would have been drafted so that anyone who is found to have committed a crime before he was 18, with

discovery being made after he was 18, would automatically be tried as an adult offender, and that would have been the easy answer to the problem. So the Court will deny waiver which in effect terminates the case, because the Court does not have jurisdiction over anyone who is now 18. It has been suggested that in situations like this the State should have at least maybe three years, and would provide that in the event it was detected after 18, that the Juvenile Court, in those situations, could have jurisdiction until the person is 21. That at least gives you three years to cover a situation such as this, so that the Juvenile Court can go ahead and try them. But right now the law says you don't have any jurisdiction over a person, where the petition is initiated after he is 18."

It is manifest in the action taken by the Court of Appeals that it is in accord with the court below that in the circumstances the Juvenile Court had jurisdiction "only for the purpose of waiving it" and not for the purpose of determining delinquency *vel non* at an adjudicatory hearing, See 60 Op. Atty. Gen., filed 30 June 1975.

## WAIVER OF JURISDICTION BY THE JUVENILE COURT

The Juvenile Court may waive its exclusive jurisdiction as to a child who is 15 years of age or older after a waiver hearing, held prior to an adjudicatory hearing upon due notice. Courts Art. § 3-817 (a) (1) and (b). To waive its jurisdiction, the court must determine, from a preponderance of the evidence, "that the child is an unfit subject for juvenile rehabilitative measures." Subsection (c). In making the determination whether to waive, the court is required by subsection (d) to consider:

"(1) Age of the child;

(2) Mental and physical condition of the child;

(3) The child's amenability to treatment in any institution, facility, or program available to delinquents;

(4) The nature of the offense and the child's alleged participation in it; and

(5) The public safety."

See Maryland Rule 913. After a petition has been filed bringing a person under the exclusive jurisdiction of the Juvenile Court, the court may direct a qualified agency "to make a study concerning the child, his family, his environment, and other matters relevant to the disposition of the case." Courts Art. § 3-818 (a). This report is admissible as evidence at a waiver hearing, but the attorney for each party "has the right to inspect the report prior to its presentation to the court, to challenge or impeach its findings, and to present appropriate evidence with respect to it." *Id.* Cf. Rule 913, §§ b and c. Procedures upon a waiver of jurisdiction are provided both by Courts Art. § 3-817 (e) and Rule 913, § e. The statute states: "If the jurisdiction is waived, the court shall order the child held for trial under the regular procedures of the court which would have jurisdiction over the offense if committed by an adult." The Rule goes into more detail. It provides:

"1. If the Court concludes that its jurisdiction should be waived, it shall:

(a) state the grounds for its decision on the record or in a written memorandum filed with the clerk;

(b) enter an order (i) waiving its jurisdiction and ordering the respondent held for trial under the appropriate criminal procedures; and (ii) placing the respondent in the custody of the sheriff or other appropriate officer in an adult detention facility pending a bail hearing pursuant to Chapter 700 of the Maryland District Rules."

Under both the statute and the Rule, a petition alleging delinquency shall be considered a charging document for purposes of detaining the respondent pending a bail hearing. Courts Art. § 3-817 (d) and Rule 913, § e 2. In *Matter of Trader*, 20 Md. App. 1, 14-15 (1974), reversed on other grounds, 272 Md. 364 (1974), we said: "The purpose of a juvenile waiver hearing is to determine the fitness of the

child for juvenile rehabilitative measures giving due consideration for the safety of the public." We cited *Matter of Flowers,* 13 Md. App. 414, 416 (1971) and set out the factors to be considered, which under the law then in effect were in substance the same as the present law. We pointed out, giving *Hazell v. State,* 12 Md. App. 144, 155 (1971), *cert. den.,* 263 Md. 715 (1971), as authority, that not all of the factors, however, need be resolved against the respondent to justify waiver. We explained, 20 Md. App. at 14: "The court is not required to make an arithmetic-type calculation as to the weight it assigns each factor. The general rule is that a waiver will be upheld where a preponderance of the legally sufficient evidence shows that such a determination is proper in the light of the factors to be considered." See *Matter of Barker,* 17 Md. App. 714, 721 (1973); *Matter of Johnson,* 17 Md. App. 705 (1973).

## THE CASE *SUB JUDICE*

### Statement of the Case

The respondent in the juvenile proceeding below, who in deference to Rule 1097 shall remain anonymous, but who, for ease of expression shall be hereinafter known as "Albert", was alleged to have committed certain delinquent acts on two occasions, 22 June 1975 and 14 September 1975. Albert became 18 years of age on 5 October 1975. Two petitions charging him with being a delinquent child were filed on 3 November 1975. The same date the State filed a petition requesting that the Juvenile Court waive its jurisdiction and that Albert be held for action under the regular procedures that would follow if such acts had been committed by an adult. Upon hearing on 1 December 1975 the court ordered that its exclusive original jurisdiction be waived and that Albert be held for action under the appropriate criminal procedures. Albert appealed. Courts Art. § 3-817 (f).

### The Waiver Hearing

At the hearing on 1 December 1975 Albert opposed the waiver of jurisdiction. The court read into the record the

crimes set out in the petitions which were the bases of the allegations of delinquency. The crimes related to the breaking and entering of certain premises on 22 June 1975 and 14 September 1975. The State proffered the testimony of a police officer. The proffer described the circumstances of the breakings and the personal property stolen. Several days after the last breaking the police, upon receipt of information from a "confidential informant" recovered certain of the stolen articles from Albert's bedroom. Albert confessed to his participation in the crimes. The first series of offenses were committed three months before Albert reached the age of 18 years and the second series three weeks before he attained that age. The State said: "As to the nature of these offenses, they are both very serious felonies," with substantial sentences authorized upon conviction. The first series, involving a commercial establishment, was committed at night. It was not certain whether the second series was committed during the day or at night, but it involved a dwelling house. The State summarized its argument in support of the waiver:

> "Very close to adult jurisdiction. Time for rehabilitation is over. The State puts primary emphasis on the fact of the age and the seriousness of the offenses and the apparent lack of any mental or physical disabilities on the part of this respondent."

The court said it wanted to hear from the probation officer and a Mrs. Smith testified. With reference to her testimony, the transcript of the proceedings reads: "(UNCLEAR — TOO FAR FROM MIKE)." The only thing she said which is reflected in the transcript is a reply to a question by the judge:

> COURT: You are talking about the current offense? The one before us today?
> MRS. SMITH: Right. (UNCLEAR)" [5]

---

5. The proceedings were recorded on a disk record. There are a number of instances reflected in the stenographic transcription as "UNCLEAR".

Defense counsel had no questions of Mrs. Smith.

Albert testified in his own behalf. He admitted he had given a statement to the police after his arrest. At the request of his counsel he gave the substance of the statement:

> "I told him that, I voluntarily, did breaking to both charges and that there was another person involved. And they did at the time arrest that person. And she wasn't at the station when I got there. They had let her go. I think that was the information they had against me."

He gave the name of the other person involved, a girl 17 years of age. Albert said that she had not been arrested for crimes of which he was accused. She was, however, according to Albert, charged as a juvenile for shoplifting. Counsel argued the waiver motion. The court ruled:

> "The law that is before us today is not without its difficulties at least as far as this court is concerned. And I believe that it is shared with other courts throughout the State of Maryland. Not necessarily that there is an agreement and that's one of the difficulties that's apparently been a disagreement as to the interpretation of the law. The point where the Attorney General has submitted an opinion which happens to coincide with this court's opinion and that is that the court, when the court has before it a person 18 years of age or older who is charged with committing an offense prior to his/or her 18th birthday, then the law tells us that we have no jurisdiction over that person except to waive. And this court has interpreted that further to say, and as I say the Attorney General has also ruled which obviously isn't binding, that this means that if jurisdiction is not waived then there is no prosecution available to the State on a delinquency matter. Now this of course does not say that the court has to waive its jurisdiction. To me it simply

says that the court either waives its jurisdiction or that's the end of the State's capability to present, under the law, to present any evidence to find the person delinquent. As I say this is not necessarily concurred in by other members of the courts. As a matter of fact, another member of this court inteprets it differently. But I have ruled as I say that there is no prosecution available on a delinquency matter if the court denies its waiver, the State's waiver or petition. Criteria of course are that as indicated that the court in determining whether to waive shall consider the following and the court's understanding and recollection of the case law does not require that the court has to or that all of these criteria must be met. Consider the age of the child, mental and physical condition, the child's amenability to treatment in the institution/facility or program available to delinquents, the nature of the offense, and the child's alleged participation in it and the public safety. And the court must determine in order to waive jurisdiction from a preponderance of the evidence presented that the child is a fit subject for juvenile rehabilitation measures. And as I say this is where the law becomes a little difficult to interpret because under the interpretation that I have just alluded to, the person 18 in theory is not capable of being treated within the juvenile system because the court doesn't have jurisdiction over him. Unless presumably its a person that the court already has jurisdiction over. In looking at the, first the individual of course, [Albert] is 18 years of age. The offenses of course as set forth which the court must presume have been committed for the purposes of this hearing are serious. Housebreaking, store housebreaking, private dwelling housebreaking apparently one of which in the night time. The other may or may not be in the night time. And of course the State has indicated,

committed shortly before [Albert] became 18. There is not indication here, of course, obviously the law does allow some delay, deliberate delay if necessary on behalf of the police or the State's Attorney or both to wait until the person reaches eighteen and then file the petition. But there is no indication here at all. And I don't suggest that this has happened here. In fact the second offense occurred quite close to the young man's 18th birthday. And this petition was filed promptly thereafter. And the hearing, of course, came within a reasonable time after that. So there is no indication here. But the law does provide for this. Which I say is an unfortunate thing. Which I say does enable the authorities to delay for some period of time. The court will find however and will sustain the State's petition that the, in looking at the criteria, the court will conclude that the State has by a preponderance of the evidence proven that he is not a fit subject for juvenile measures, in the light of his age, in the light of his offenses that are charged before the court, and the public safety. The court would rule on all of these (UNCLEAR) that he is thereby an unfit subject for juvenile rehabilitation measures."

The judge later, in response to remarks by defense counsel, made clear that he had "no preconceived ideas until [I] ruled whether I would waive jurisdiction or not. I think still its my discretion. In this case I elected to waive jurisdiction. . . . I've denied waiver and I've granted waivers in this type of a case. And, I mean, in the 18 year old category." The judge denied defense counsel's assertion that the court did not "really have an option." "This court feels that it does. . . . The question is whether this presents a danger to the public and whether the person would otherwise be amenable to treatment as a juvenile. . . . I made the decision. Its a judgmental thing but I made the decision."

*Issues for Decision*

(1)

On appeal, Albert first asks if the hearing judge was correct in holding that a Juvenile Court has jurisdiction over a person who commits an offense prior to his 18th birthday but who is not charged until after his 18th birthday, but that its jurisdiction in such circumstance is only for the purpose of waiving that jurisdiction or not waiving it. The per curiam order of the Court of Appeals which we have discussed above is dispositive of this issue. The judge below was correct.

In any event, applying the general rule that a waiver will be upheld where a preponderance of the legally sufficient evidence shows that such a determination is proper in the light of the factors to be considered, we see no abuse by the judge below of his judicial discretion.

(2)

Albert next asks if the interpretation of the trial court of the statutory law was "violative of the individual's right to equal protection of the laws as guaranteed by the 14th Amendment to the Constitution of the United States and Article 23 of the Maryland Declaration of Rights". It seems that what he is urging is that the statutes were unconstitutional as applied. This point was not tried and decided below. We said in *Vuitch v. State*, 10 Md. App. 389, 398 (1970), *cert. den.*, 261 Md. 729 (1971), 404 U. S. 868 (1971): "Of course, nothing is better settled than the rule that a question as to the constitutionality of a statute will not be considered on appeal when not properly raised and decided by the lower court." See *Hall v. State*, 22 Md. App. 240, 245-246 (1974).

(3)

Albert lastly contends that the failure of the court below "to inquire of the State as to the reason for the delay in filing the petition for waiver was error and violative of

appellant's right to due process of the law." He concedes that the lower court found that there had been no deliberate delay on the part of the State in filing the petition, but complains because the court made no inquiry of the State's Attorney as to any intentional delay. We cannot say that the court was clearly erroneous in his judgment on the evidence before it. Rule 1086.

Albert asserts that he "was given no notice of the Petition to Waive Jurisdiction filed by the State's Attorney until the document was in fact filed and the lower court's determination that jurisdiction of the court had to be waived by terms of the statute. . . ." Whatever this may mean, we find full compliance with procedural requisites of notice. Courts Art. § 3-817 (b) provides for notice as prescribed by the Maryland Rules. Rule 909, § c prescribes "a minimum five day notice of the time, place and purpose of any hearing. . . ." The record before us includes a document entitled "Preliminary Hearing". It is dated 5 November 1975 and indicates it concerns the waiver petition. It shows that Albert received a copy of the Petition, reviewed the charges in the Petition, was advised of his right to an attorney, was referred to the office of the Public Defender, that he entered as a plea "denies", and that he was "given notice of date of full and just hearing on Dec. 1, 1975, at 9:00 A.M." The record also contains a copy of a "Notice of Hearing" issued by the Clerk of the Court on 6 November 1975 which reads:

> "TAKE NOTICE that a hearing has been set in the above-entitled cause for 9:00 [A.M.] on the 1 day of December, 1975, at 15825 Shady Grove Road, Rockville, Maryland, for the following purpose: (specify) [Albert] charged with Burglary S545-834-to determine whether jurisdiction should be waived."

Even if a due process question had been preserved for review, we see no error of constitutional dimension.

We note that when the court concluded that its jurisdiction should be waived, it complied with paragraph a and b, subsection 1, section e, Rule 913, by stating its grounds on the record, and entering a proper order.

## CHAPTER 463, ACTS 1976

We have a final observation. Courts Art. §§ 3-805 and 3-807 as enacted by ch. 554, Acts 1975, have been amended by ch. 463, Acts 1976, effective 1 July 1976. Under the 1976 statute, in § 3-805 (a) "person" is used in place of "child", so that the subsection reads:

"If a person is alleged to be delinquent, the age of the person at the time the alleged delinquent act was committed controls the determination of jurisdiction under this subtitle."

In § 3-807 (b), "adult" has been replaced by the phrase "a person 21 years of age or older", and the subsection reads:

"The court has exclusive original jurisdiction, but only for the purpose of waiving it, over a person 21 years of age or older who is alleged to have committed a delinquent act while a child."

*Order of 1 December 1975 affirmed.*