# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4263-17T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

G.M.,

    Defendant-Appellant.

_____

> Submitted May 30, 2019 – Decided June 12, 2019
>
> Before Judges Alvarez and Mawla.
>
> On appeal from Superior Court of New Jersey, Law Division, Hudson County, Indictment Nos. 93-01-0006 and 96-05-0776.
>
> Joseph E. Krakora, Public Defender, attorney for appellant (Dianne Glenn, Designated Counsel, on the brief).
>
> Esther Suarez, Hudson County Prosecutor, attorney for respondent (Stephanie Davis Elson, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant G.M.[1] appeals from an April 30, 2018 order denying his post-conviction relief (PCR) petition and request for an evidentiary hearing. We affirm.

We take the following facts from the record. In 1993, defendant pled guilty to third-degree child abuse, N.J.S.A. 9:6-1 and 9:6-3, of his girlfriend's three-year-old daughter. He received a three year sentence. In 1996, defendant pled guilty to second-degree sexual assault, N.J.S.A. 2C:14-2(b), of his eight-year-old daughter and was sentenced to a five year term, Megan's Law registration, and evaluation and commitment to the Adult Diagnostic Treatment Center. Defendant did not appeal from either the convictions or the sentences.

Instead, defendant filed a PCR petition over twenty-three years after the first conviction and nearly seventeen years after the second. He claimed his first plea counsel was ineffective for not advising him the plea could be used to determine he was a sexually violent predator in the event of a subsequent conviction. He claimed his second plea counsel was ineffective because he did not advise defendant to pursue a PCR petition to vacate his first plea on such grounds and did not explain the civil commitment process to him.

---

[1] We utilize initials to protect the victims' identities.

A-4263-17T4

The PCR judge ruled defendant's petition was time-barred pursuant to Rule 3:22-12. The judge found defendant's ignorance of the time period he had to file his petition did not constitute excusable neglect or grounds to relax the time limitations under the rule. The judge concluded the State would be prejudiced if he granted the petition because the events which led to defendant's convictions occurred in 1993 and 1996, and even if the State could locate witnesses, "their recollection of the relevant events would be shaky at best." The judge noted there was no transcript of defendant's 1993 plea. He found defendant was adequately informed of the possibility of civil commitment because, on defendant's 1996 plea form, he "answered in the affirmative when asked if he understood that civil commitment beyond his initial prison term is a possibility" and confirmed "trial counsel advised [him] about the civil commitment review process, its frequency, and avenues of legal appeal[.]" This appeal followed.

On appeal, defendant argues as follows:

> THE PCR COURT ERRED IN CONCLUDING DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF WAS TIME-BARRED AS THE DELAY WAS DUE TO DEFENDANT'S EXCUSABLE NEGLECT AND ENFORCEMENT OF THE TIME-BAR WILL RESULT IN A FUNDAMENTAL INJUSTICE.

When the PCR court does not hold an evidentiary hearing, we "conduct a de novo review[.]" State v. Harris, 181 N.J. 391, 421 (2004). To show ineffective assistance of counsel, a defendant must satisfy the two-pronged test of Strickland v. Washington, 466 U.S. 668, 687 (1984) and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 67 (1987). "The defendant must demonstrate first that counsel's performance was deficient, i.e., that 'counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'" State v. Parker, 212 N.J. 269, 279 (2012) (quoting Strickland, 466 U.S. at 687). The "defendant must overcome a strong presumption that counsel rendered reasonable professional assistance." Ibid. (citing Strickland, 466 U.S. at 689). Second, "a defendant must also establish that the ineffectiveness of his attorney prejudiced his defense. 'The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Id. at 279-80 (quoting Strickland, 466 U.S. at 694).

Having considered defendant's claims under the aforementioned standards, we affirm for the reasons stated by the PCR judge. We add the following comments to address defendant's argument that the holding in State v. Bellamy, 178 N.J. 127 (2003), applied retroactively to his case because his

4

PCR petition constituted a form of direct review, which he had not yet exhausted.

In Bellamy, the Supreme Court held that before accepting a plea that could lead to a civil commitment under the New Jersey Sexually Violent Predator Act, fundamental fairness requires the court to inform a defendant of the potential consequences of the plea, including lifelong civil commitment. Id. at 139. The Court stated its ruling would apply with limited retroactivity to those cases pending direct review at the time. Id. at 142-43.

It is fundamental that a PCR petition "is not . . . a substitute for appeal from conviction[.]" R. 3:22-3. There are limited exceptions to this rule. See State v. Koch, 118 N.J. Super. 421, 429, 432-33 (App. Div. 1972) (holding a PCR petition was not barred by Rule 3:22-3 where a defendant raised a claim of limited retroactivity on direct appeal that was denied without prejudice).

Defendant failed to appeal from either conviction. For these reasons, we reject the argument his PCR petition was a form of direct review permitting the retroactive applicability of the holding in Bellamy.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4263-17T4